

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

JEROD PERRIN, #341035,

    Petitioner,

v.         CIVIL ACTION NO. 2:07cv536

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

### UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

  This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

  On July 23, 2004, Petitioner, Jerod Perrin ("Perrin"), was found guilty after a bench trial in the Circuit Court for the City of Newport News, Virginia ("Circuit Court"),[1] of aggravated

---

  [1]Perrin was represented at trial and on appeal by Warren F. Keeling, Esq. ("Keeling"). The allegations were that, after attending a party in Newport News, Virginia on February 14, 2004, the victim, Chad Brooks ("Brooks"), was punched in the face by Perrin and then pulled to the ground by another unidentified

malicious wounding and robbery. Perrin was sentenced to a term of imprisonment of forty (40) years, with twenty-eight (28) years suspended,[2] for a total active sentence of twelve (12) years, as reflected in the Court's Sentencing Order entered on October 13, 2004.[3] Circuit Court case Nos. 53526-04 and 53527-04.

On October 18, 2004, Perrin noted his appeal to the Court of Appeals of Virginia ("Court of Appeals"), and on February 28, 2005, he filed his petition for appeal.[4] On June 10, 2005, the Court of Appeals denied the petition for appeal.[5] Record No. 2423-04-1 ("Perrin I"). Perrin did not file a request for review by a three-judge panel; instead, on June 29, 2005, Perrin filed his petition

---

person, after which Brooks fell to the ground and was attacked by a mob of ten (10) to twenty (20) persons. Brooks suffered numerous injuries as a result of the attack, and he was robbed of certain items of personal property during the attack.

[2]Perrin received a sentence of twenty (20) years, with fourteen (14) years suspended, for each of the counts for which he was convicted.

[3]The Court notes that Respondent misstated the date of the Circuit Court's sentencing order as November 13, 2004. See Respondent's Brief in Support of Rule 5 Answer and Motion to Dismiss, at 1.

[4]This appeal alleged that the evidence was insufficient to support the convictions for aggravated malicious wounding and robbery.

[5]In a one-judge decision, the court held that "[t]he Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of robbery and aggravated malicious wounding." Perrin I, at 2.

for appeal with the Supreme Court of Virginia.[6]  On October 7,
2005, the court summarily refused the appeal.[7]  Record No. 051347
("Perrin II").  This decision concluded Perrin's direct appeal, as
he did not file a request for review by a three-judge panel, and he
did not file a petition for writ of certiorari with the United
States Supreme Court.

On July 24, 2006, Perrin executed a pro se petition for a writ
of habeas corpus in the Circuit Court ("State Habeas Petition"),
which was filed by the Circuit Court on August 7, 2006.[8]  On
November 13, 2006, the court denied and dismissed the petition.[9]

---

[6]This appeal alleged essentially the same insufficiency of
evidence claim that was presented to the Court of Appeals.

[7]The Court notes that when the Supreme Court of Virginia
summarily refuses a petition for appeal, this Court looks to the
previous state court decision as the last reasoned state judgment
on that claim.  Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

[8]The Court notes that a Virginia Supreme Court Special Rule,
effective September 1, 2004, recognizes a prison mailbox rule for
inmate filings in the Virginia trial courts: a paper is timely
filed by an inmate when "deposited in the institution's internal
mail system with first-class postage prepaid on or before the last
day of filing." Va. Sup. Ct. R. 3A:25.  The Court has applied this
rule in considering Perrin's State Habeas Petition as filed on the
date of execution, July 24, 2006, for tolling purposes, infra.
The State Habeas Petition presented essentially the following
claims:
(A) Perrin received ineffective assistance of counsel because
his counsel put on conflicting evidence and forced Perrin to
incriminate himself; and
(B) Perrin was denied his Due Process rights because the trial
court found him guilty when the Commonwealth did not prove the
elements of the charges presented beyond a reasonable doubt.

[9]The court essentially held:
As to claim (B), Perrin lacked standing to raise that claim
since it was presented and rejected in his direct appeal to the

3

Case No. CR70H36295 ("<u>Perrin III</u>").  On February 13, 2007, Perrin filed a petition for appeal of his state habeas corpus petition in the Supreme Court of Virginia,[10] which the court summarily refused on July 2, 2007.  Record No. 070456 ("<u>Perrin IV</u>").  Perrin did not file a petition for rehearing of that decision.

On November 14, 2007, while in the custody of the Virginia Department of Corrections at the Wallens Ridge State Prison, Perrin executed the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Federal Habeas Petition"), which was accompanied by a "statement of facts" ("Perrin's Memorandum").[11]

---

Court of Appeals, thus that claim was barred from consideration in habeas by the rule of <u>Henry v. Warden</u>, 265 Va. 246 (2003); and
As to claim (A), there was no factual basis to support the claim, and Perrin's own testimony at trial "mirrored the victim's account [of the crime]," thus Perrin failed to establish either inadequate performance or prejudice, pursuant to <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

[10]In the state habeas appeal, Perrin presented essentially the following claims:
(A) The Circuit Court erred in ruling that claim (A) "was procedurally defaulted"; and
(B) The Circuit Court erred in ruling that claim (B) "was repetitious of [the claim presented on] direct appeal and thus not reviewable [sic] on hebeas [sic] corpus."

The Court construes Perrin to have mistakenly stated that his claim (A), which asserted ineffective assistance of counsel, was "procedurally defaulted" insofar as the Circuit Court's Order denied that claim on the merits pursuant to <u>Strickland v. Washington</u>, 466 U.S. 668 (1984); it was claim (B) of the State Habeas Petition that was procedurally barred by the rule of <u>Henry v. Warden</u>, 265 Va. 246 (2003).  <u>See supra</u>, note 9.

[11]The petition was received by the United States District Court for the Western District of Virginia, Roanoke Division, on November 16, 2007, along with a request to proceed <u>in forma pauperis</u>.  The case was transferred to this Court on November 21, 2007, and the

4

The petition was filed by this Court on January 3, 2008.  On January 30, 2008, Respondent filed his Rule 5 Answer and Motion to Dismiss, accompanied by a supporting memorandum ("Respondent's Memorandum") and a Notice of Motion Pursuant to Local Rule 7(K). Perrin did not file a response to Respondent's motion.

## B. <u>Grounds Alleged</u>

Perrin now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follow:[12]

> (1)  Perrin received ineffective assistance of counsel because defense counsel coerced Perrin to testify at trial, against Perrin's wishes, causing Perrin to incriminate himself when he testified truthfully and admitted to striking the victim (only once), and because defense counsel called another witness, Charlise Harris ("Harris"), whose version of the events contradicted Perrin's version, thereby

---

Court denied Perrin's request to proceed <u>in forma pauperis</u> by Order entered December 12, 2007.  Perrin paid the filing fee on December 26, 2007, and the petition was ordered filed on January 3, 2008.

The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective on December 1, 2004.  As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions.  Accordingly, the Court recognizes the prison mailbox rule for federal habeas petitions.  In this case, as there is no evidence in the record to the contrary, the Court will credit Perrin with having delivered the Federal Habeas Petition into the prison mailing system for mailing on the date of execution, November 14, 2007.  Further, the Court considers the petition as filed, for statute of limitations purposes, on that date.

[12]The Court notes that in his Federal Habeas Petition, Perrin merely styled his claims generally as "ineffective assistance of counsel" and "insufficient evidence," Federal Habeas Petition, at 6-7, thus the Court has sought to elaborate on the substance of those claims based upon the arguments in Perrin's supporting memorandum.

presenting inconsistent defense theories and discrediting Perrin's credibility; and

(2)  The Commonwealth's evidence was insufficient to support the convictions for aggravated malicious wounding and robbery because the evidence showed that Perrin (admittedly) struck the victim only once, but there was no evidence that Perrin was part of the "mob" that attacked the victim or that Perrin had the intent to "rob" the victim.

## II. NO NEED FOR AN EVIDENTIARY HEARING

As a preliminary matter, to the extent Perrin has requested an evidentiary hearing, the Court has determined that an evidentiary hearing is not required, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised. See Rule 8 of the Rules Governing Section 2254 Cases.

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court FINDS that both of Perrin's claims are properly exhausted, warranting review on the merits, but that both claims should be DENIED.[13]

---

[13]Though Respondent has not asserted the statute of limitations as an affirmative defense, the Court considers here the timeliness of Perrin's Federal Habeas Petition. See Day v. McDonough, 547 U.S. 198, 126 S. Ct. 1675, 1684 (2006) (federal habeas courts are "permitted, but not obligated, to consider sua sponte, the timeliness of a state prisoner's habeas petition"). Perrin's conviction did not become final until January 5, 2006, ninety (90) days after the denial of his petition for appeal on October 7, 2005, by the Supreme Court of Virginia, and the date upon which the period for seeking direct review of his conviction by the United States Supreme Court expired. See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Accordingly, without considering any tolling of the statute of limitations, Perrin had one (1) year from that date, or until January 5, 2007, within which to file his petition with this Court, or be barred by the expiration of the statute of limitations. 28 U.S.C. §

## A. **Exhaustion**

In order for this Court to address the merits of this habeas petition, all of Perrin's claims must be exhausted. See 28 U.S.C. § 2254(b).   The exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993).  Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344

---

2244(d)(1).  Because the instant petition was considered as filed on November 14, 2007, see supra note 11, for statute of limitations purposes, it was filed outside the applicable statute of limitations period.

The Court recognizes that a person in state custody may toll the running of the limitation period during the time in which a properly filed application for state post-conviction or other collateral proceedings remains pending.  28 U.S.C. § 2244(d)(2). Such an application remains pending throughout the state review process, including the time period between a lower state court's decision and the filing of a notice of appeal to a higher state court.  Carey v. Saffold, 536 U.S. 214, 220-21 (2002); Rouse v. Lee, 339 F.3d 238, 243-44 (4th Cir. 2003) (a state post-conviction proceeding for § 2244(d)(2) tolling purposes encompasses all state-court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." (quoting Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999))).  In the instant case, the record reflects that Perrin's State Habeas Petition and his appeal of that petition were properly filed within the meaning of § 2244(d)(2).  Thus, Perrin was entitled to tolling from July 24, 2006, the date on which he filed his State Habeas Petition with the Circuit Court, until July 2, 2007, the date on which the Supreme Court of Virginia denied his state habeas appeal, for a total of 343 days.  Such tolling extended Perrin's original deadline for filing the instant petition from January 5, 2007, until December 14, 2007.  Therefore, Perrin's petition, filed on November 14, 2007, see supra note 11, was timely.

U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997).   In order for a claim to be considered exhausted, it must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state court."   Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (internal quotations omitted).

"[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court," Matthews, 105 F.3d at 911 (citations omitted); such claims are treated as procedurally defaulted and barred from this Court's review.   Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000).   Further, if any of a petitioner's claims were presented to the highest state court, but were not addressed on the merits because they were procedurally barred in state court pursuant to an adequate and independent state procedural rule, the claims are exhausted, but the procedural default prevents federal habeas review of the merits.   Coleman v. Thompson, 501 U.S. 722, 750 (1991).

In the instant case, Respondent concedes that Perrin's claims are properly exhausted because they were presented to the Supreme Court of Virginia in his State Habeas Petition and in the state habeas appeal, as well as in the direct appeal to the Supreme Court

8

of Virginia.[14]   Respondent's Memorandum, at 3.   The Court concurs.
The substance of the instant claim (1) was presented in Perrin's
State Habeas Petition, which was denied on the merits by the
Circuit Court, and in the appeal of that petition to the Supreme
Court of Virginia, which summarily refused it.   Also, the essence
of the instant claim (2) was considered, and rejected on the
merits, in Perrin's direct appeal to the Court of Appeals, and the
summary dismissal of that appeal by the Supreme Court of Virginia.
When the Supreme Court of Virginia summarily refuses a petition for
appeal, this Court "look[s]-through" to the "last reasoned state-
court judgment" on that claim.   Ylst v. Nunnemaker, 501 U.S. 797,
803-04 (1991).   Because the Circuit Court denied Perrin's claim (1)
on the merits, and the Court of Appeals denied Perrin's claim (2)
on the merits, the Supreme Court of Virginia's subsequent denials
must also be considered a denial on the merits, and this Court must
"look through" the Supreme Court of Virginia's decision to those of
the lower courts.   Id.   As a result, this Court FINDS these claims
to be properly exhausted, warranting review on the merits.

---

[14]The Court notes that though the claim of insufficient
evidence, presented as claim (B) in the State Habeas Petition, was
held to be procedurally defaulted by the Circuit Court (Perrin
III), the essence of that claim was also considered, and rejected
on the merits, in Perrin's direct appeals to the Court of Appeals
and the Supreme Court of Virginia.   See supra, notes 4 & 6.

## B.  **Merits**

The Court now considers Perrin's claims on the merits.   A
federal court may not grant relief on a habeas claim previously
adjudicated on the merits in state court unless that adjudication:

> (1)  resulted  in  a  decision  that  was
> contrary  to,  or  involved  an  unreasonable
> application  of,  clearly  established  Federal
> law, as determined by the Supreme Court of the
> United States; or

> (2) resulted in a decision that was based
> on an unreasonable determination of the facts
> in  light  of  the  evidence  presented  in  the
> State Court proceeding.

28 U.S.C. § 2254(d).   In drafting this statute, Congress "plainly
sought  to  ensure  a  level  of  'deference  to  the  determinations  of
state  courts,'  provided  those  determinations  did  not  conflict  with
federal law or apply federal law in an unreasonable way."  Williams
v. Taylor, 529 U.S. 362, 386 (2000).   See also Bell, 236 F.3d at
157 (recognizing that, for claims adjudicated on the merits by the
state  court,  the  federal  court  "is  limited  by  the  deferential
standard of review set forth in § 2254(d), as interpreted by the
Supreme  Court  in  Williams[]."").    Consequently,  "state-court
judgments must be upheld unless, after the closest examination of
the state-court judgment, a federal court is firmly convinced that
a  federal  constitutional  right  has  been  violated."  Williams, 529
U.S. at 387.  Moreover, "[a] federal habeas court may not issue the
writ  simply  because  that  court  concludes  in  its  independent
judgment that the relevant state-court decision applied clearly

10

established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." Id. at 411. In deference to the state court's decision, this Court may not grant relief unless it determines that decision on the merits was "legally or factually unreasonable." See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000) (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)). Further, the Court is mindful that "a determination on a factual issue by a State court shall be presumed correct [in a habeas proceeding]," and the burden is on a petitioner to rebut that "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(d)(2); see also Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003), cert. denied, 541 U.S. 1032 (2004).

### 1. Ineffective Assistance of Counsel Standard

The first of Perrin's claims in the instant petition asserts ineffective assistance of counsel. Because the Supreme Court of Virginia summarily dismissed Perrin's state habeas appeal, this Court will "look through" that decision to the reasoning used by the Circuit Court to dismiss the state habeas claims. Ylst, 501 U.S. at 803-04. The controlling standard for such claims, which Perrin has cited, is set forth in Strickland v. Washington, 466 U.S. 668 (1984). As such, to grant Perrin relief on his claim, this Court must find that the state court's dismissal of the claim involved an unreasonable application of Strickland. Under

Strickland, the state court was required the claim to a two-prong test in which the petitioner must prove both ineffective assistance (incompetence) and prejudice. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).  To grant relief, the state court had to find: (1) Perrin's lawyer's performance fell below the range of competence demanded of lawyers in criminal cases, Strickland, 466 U.S. at 690; and (2) there is a reasonable probability that, but for the deficient performance by counsel, the ultimate result would have been different, id. at 694.

When assessing counsel's performance under Strickland's first prong, the Supreme Court has stressed that the constitutional guarantee of effective assistance of counsel seeks only to "ensure that criminal defendants receive a fair trial," and not to "improve the quality of legal representation." Id. at 689.  The reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.  In order to prevail, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Accordingly, the reviewing court must grant a "heavy measure of deference to counsel's judgments," and, in doing so, may only evaluate such performance from counsel's perspective at the time of the alleged error and in light of all the circumstances. Id. at 690-91; Kimmelman, 477 U.S.

12

at 381.    Additionally, a reviewing court generally should assess counsel's overall performance throughout the case, <u>Kimmelman</u>, 477 U.S. at 386, and avoid "Monday morning quarterbacking." <u>Stamper v. Muncie</u>, 944 F.2d 170, 178 (4th Cir. 1991); <u>see also</u> <u>Strickland</u>, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . .").

The second prong of the <u>Strickland</u> analysis presents an equally rigorous standard.    To affirmatively prove prejudice, a petitioner must do more than merely demonstrate that his attorney's error had "some conceivable effect" on the outcome of the case. <u>Strickland</u>, 466 U.S. at 693.    Rather, the petitioner must demonstrate "a reasonable probability[15] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.    As with the first prong, the reviewing court must consider the totality of the evidence before it in conducting the prejudice inquiry. <u>Id.</u> at 695.

Additionally, a reviewing court need not consider the two prongs of the <u>Strickland</u> analysis in sequential order. <u>Strickland</u>, 466 U.S. at 697.    The court need not even address both prongs if the petitioner fails to make a sufficient showing on one. <u>Id.</u>

---

[15]The Court notes that this standard is not so high as to require that a petitioner "show that counsel's deficient conduct more likely than not altered the outcome in the case." <u>Strickland</u>, 466 U.S. at 693-94.    "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694.

When evaluating an ineffective assistance of counsel claim, a court should first apply whichever prong more quickly disposes of the respective claim. See id.

## 2. Claim (1) is Without Merit

As claim (1), Perrin asserts he was denied his right to effective assistance of counsel because counsel's decision to call Perrin as a witness forced Perrin to incriminate himself, and because his counsel put on testimony from another defense witness, Harris, whose version of the events contradicted Perrin's version. Perrin's Memorandum, at 1-2. In support of this claim in the instant petition, Perrin asserts that defense counsel knew that Harris' testimony of the events would differ from that of Perrin's, because Harris had previously testified at Perrin's preliminary hearing that she was with Perrin on the night of the alleged crimes, that Perrin was not the person who struck the victim, and that Perrin "was only there to help Mr. Brooks" by "pulling [off] some of the boys who [sic] was jumping Mr. Brooks,"[16] and defense counsel knew that Perrin, if forced to testify, would admit to having struck the victim (only once) and thereby incriminate himself. Perrin's Memorandum, at 1-4. Despite this knowledge, Perrin asserts, "[defense] counsel's [trial] strategy was fruitless, and [counsel] had to have been terribly unprepared for

_____

[16]Perrin also notes that Harris further testified that Perrin "did not take anything from the person being jumped." Perrin's Memorandum, at 1.

trial." Id. at 3.

This claim was considered on the merits by the Circuit Court, which rejected Perrin's State Habeas Petition, finding "[t]here is no factual basis for this claim." Perrin III, at 4. The Circuit Court, noting that Perrin's counsel "avers that he did not force Perrin to testify[,] and further, that Perrin understood that his testimony differed from that of the witness of whom he now complains[,] and that Perrin wished to testify," found that Perrin "fail[ed] to demonstrate inadequate performance." Id. at 4-5. The Circuit Court further found that, since "Perrin's own testimony mirrored the victim's account" and since counsel averred that "Perrin felt it was important that [Perrin] tell the Court he did [not][17] rob or maim the victim," Perrin had "fail[ed] to establish prejudice." Id. at 5 (citing Campbell v. Polk, 447 F.3d 270, 280-81 (4th Cir. 2006) ("Attorneys must not be lightly judged deficient when they follow their client's clear instructions."))

On these facts, the Circuit Court was not unreasonable in crediting the assertions of defense counsel that Perrin did want to testify himself, and even without those assertions, this claim appears to be merely a disagreement with counsel over trial

---

[17]The original statement in the Circuit Court's Order was, "Counsel notes that Perrin felt it was important that he tell the Court he did rob or maim the victim." Perrin III, at 5. Based upon the context of that Order, however, this Court notes the scrivener's error in the omission of the word "not," as stated above.

strategy. <u>See</u> <u>Carter v. Lee</u>, 283 F.3d 240, 249 (4th Cir. 2002)
("Because it may be tempting to find an unsuccessful trial strategy
to be unreasonable, 'a court must indulge a strong presumption that
counsel's conduct falls within the wide range of reasonable
assistance; that is, the defendant must overcome the presumption
that, under the circumstances, the challenged action might be
considered sound trial strategy.'") (quoting <u>Strickland</u>, 466 U.S.
at 689) (other citations omitted). Perrin has conceded that
defense counsel employed the following "strategy" during the trial:
"to try and prove by the evidence, and by [Perrin's] testimony[,]
that [Perrin] did in fact strike Mr. Brooks 'one time' in the face,
that [Perrin] had no intent to rob or maim Mr. Brooks[,] . . . that
[Perrin] had no idea a mob was going to jump in, and [that] the
evidence was insufficient to warrant charges of aggravated
malicious [wounding] and robbery." Perrin's Memorandum, at 3. The
fact that the strategy was unsuccessful, leading to Perrin's
convictions for those charges, does not make defense counsel
ineffective for having employed that strategy. <u>Carter</u>, 283 F.3d at
249. First, defense counsel's decision to allow Perrin to testify
on his own behalf is a strategic decision entitled to significant
deference here. <u>See</u> <u>id.</u> ("[T]he advice provided by a criminal
defense lawyer on whether his client should testify is 'a paradigm
of the type of tactical decision that cannot be challenged as
evidence of ineffective assistance.'") (quoting <u>Hutchins v.</u>

16

Garrison, 724 F.2d 1425, 1436 (4th Cir. 1983), cert. denied, 464 U.S. 1065) (other citations omitted)). Further, defense counsel could have reasonably concluded that any inconsistencies associated with the testimony of Harris regarding whether Perrin was the person who struck the victim would be outweighed by the potentially mitigating effects of her testimony that Perrin did not rob the victim and that Perrin was attempting to stop the mob violence against the victim. To question that decision now would be precisely the sort of "Monday morning quarterbacking" that a federal court should avoid upon habeas review. Stamper, 944 F.2d at 178.

Having considered all of the factual support provided by Perrin for this claim, this Court FINDS that Perrin has not shown that the Circuit Court's denial of the claim was based on an unreasonable application of federal law or an unreasonable determination of facts. 28 U.S.C. § 2254(d). Accordingly, this Court RECOMMENDS that claim (1) be DENIED.

### 3. Claim (2) is Without Merit

In claim (2), Perrin has alleged that his constitutional rights were violated because the Commonwealth's evidence was insufficient to support the convictions for aggravated malicious wounding and robbery because, while the evidence showed that Perrin (admittedly) struck the victim (only once), there was no evidence that Perrin was part of the "mob" that attacked the victim or that

17

Perrin had the intent to "rob" the victim.  Perrin's Memorandum, at 10-11.  Perrin raised this claim on his direct appeal to the Supreme Court of Virginia, which summarily refused that petition (Perrin II).[18]  Because the Supreme Court of Virginia summarily refused the appeal, this Court looks to the previous state court decision as the last reasoned state judgment on that claim.  Ylst, 501 U.S. at 803.

In the instant case, therefore, this Court looks to the decision of the Court of Appeals (Perrin I) as the last reasoned state judgment on this claim.  In that decision, the Court of Appeals examined the entire record and determined that "[t]he Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of robbery and aggravated malicious wounding."  Perrin I, at 2.  In so doing, the court noted that the trial court was entitled "to believe[] the Commonwealth's witnesses and reject[] [Perrin's] testimony."  Id. (citing Sandoval v. Commonwealth, 20 Va. App. 133, 138 (1995) ("The credibility of the witnesses and the weight [to be] accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear the evidence as it is presented."))  The court also found that the

---

[18]The Court notes that to the extent Perrin has attempted to couch the instant claim as a federal constitutional violation, the claim is, and was addressed by the state courts as, a question of the sufficiency of the evidence under state law.  See Perrin II.

"evidence established [Perrin] initiated the attack on Brooks. During the incident Brooks' property was taken from him by force and [Brooks] sustained a number of injuries." Id. Those findings are not unreasonable on the record here.

The state court's findings are entitled to great deference here. "Though claims of insufficient evidence are cognizable on federal habeas review, a federal [habeas] court's review of such claims is 'sharply limited.'" Wilson v. Greene, 155 F.3d 396, 405 (4th Cir. 1998) (quoting Wright v. West, 505 U.S. 277, 296 (1992)) (other citations omitted)). A federal court's review of such claims "is not meant to consider anew the [fact finder's] guilt determination or to replace the state's system of direct appellate review." Id. at 405-06 (citing Wright, 505 U.S. at 292). As such, a petitioner is entitled to relief on such a claim "only if 'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" Id. at 406 (quoting Jackson v. Virginia, 443 U.S. 307, 324 (1979) (other citations omitted)). In the instant case, Perrin has simply failed to show that no rational trier of fact could find him guilty of aggravated malicious wounding and robbery. Id.

Based on the foregoing, this Court FINDS that Perrin has failed to show either that the state court unreasonably determined the facts in his case or that the state court unreasonably applied federal law in dismissing the instant claim (2). As such, this

Court recommends that the instant claim (2) be DENIED

## IV. RECOMMENDATION

For the foregoing reasons, the Court, having determined that an evidentiary hearing is not required, and having found that the claims of the instant petition are without merit, recommends that Perrin's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Perrin's claims be DISMISSED WITH PREJUDICE.

Perrin has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a

20

copy thereof.  See Fed. R. Civ. P. 72(b).

2.  A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.  The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

United States Magistrate Judge

Norfolk, Virginia
March 6 , 2008

21

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Jerod Perrin, #341035
Wallens Ridge State Prison
272 Dogwood Lane
Big Stone Gap, Virginia  24219
PRO SE

Karen G. Misbach, Esq.
Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
COUNSEL FOR RESPONDENT

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

March 6 , 2008

22